UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NEGRITO PAUL NOEL,

                    Plaintiff,

        v.

SERGEANT JAMES COUGHLIN, et al.,

                 Defendants.
_____

<u>DECISION & ORDER</u> and
<u>REPORT & RECOMMENDATION</u>

21-CV-6135CJS

Plaintiff Negrito Paul Noel ("Noel") filed this action against Sergeant James Coughlin, Officer Nick Ventrella, Officer Brian Gerringer, and Investigator Bowman (collectively, "defendants"), all employees of the Greece Police Department ("GPD"), asserting claims arising out of a traffic stop and his subsequent arrest on November 9, 2020.[1]  (Docket ## 5, 6).  Currently pending before the Court are Noel's motions to appoint counsel, to extend his time to move to amend his complaint, and for leave to file a Third Amended Complaint.  (Docket ## 28, 31, 35).  For the reasons discussed below, Noel's request to extend his time to move to amend his complaint is granted *nunc pro tunc*, his request for appointment of counsel is denied without prejudice, and I recommend that his motion to file a Third Amended Complaint be denied.

---

[1]  Noel's original complaint named additional defendants but, as discussed *infra*, those defendants were dismissed by the district court.  (Docket ## 1, 2, 4, 5, 6, 14).

**DECISION AND ORDER**

As noted above, currently pending before this Court for Decision and Order are motions by Noel for appointment of counsel (Docket ## 28, 35) and to extend the deadline to move to amend his complaint (Docket ## 28, 35).

## I.      Motion to Appoint Counsel

It is well-settled that there is no constitutional right to appointed counsel in civil cases.  Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

1.     Whether the indigent's claims seem likely to be of substance;

2.     Whether the indigent is able to investigate the crucial facts concerning his claim;

3.     Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4.     Whether the legal issues involved are complex; and

5.     Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [plaintiff's] chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

This is the second time Noel has requested that the Court appoint counsel to represent him. (Docket ## 11, 28, 35). The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards stated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 61-62, that the appointment of counsel is not warranted at this time. As previously noted by the district court, at this time it is unclear whether Noel's excessive force and failure to intervene claims are likely to be of merit, the legal issues are not particularly complex, and Noel has not demonstrated any particular reason why he is unable to investigate the relevant facts of his of claims. (*See* Docket # 14 at 7).

Noel maintains that appointment of counsel is warranted because he lacks access to PACER and is unable to research the relevant facts without assistance. (Docket ## 28 at 2; 35 at 1). Although plaintiff may face some challenges in investigating facts and conducting legal research due to his limited resources, review of plaintiff's filings demonstrates that he has submitted multiple complaints and several submissions that are supported by citation to both

3

facts and caselaw.  His conduct in prosecuting this matter to date suggests that he is capable of representing himself in this lawsuit.  The Court finds no "special reason" why appointment of counsel now would be more likely to lead to a just determination.  *See Boomer v. Deperio*, 2005 WL 15451, *1-2 (W.D.N.Y. 2005) (denying motion to appoint counsel despite plaintiff's claims that the matter was complex and he had a limited knowledge of law); *Harris v. McGinnis*, 2003 WL 21108370, *2 (S.D.N.Y. 2003) (denying motion for appointment of counsel where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination").

On this record, plaintiff's requests for appointment of counsel **(Docket ## 28, 35)** are **DENIED without prejudice**.  It is plaintiff's responsibility to hire an attorney or continue with this lawsuit *pro se*.  28 U.S.C. § 1654.

## II.    <u>Motion to Extend Deadline to Move to Amend the Pleadings</u>

On March 7, 2023, this Court entered a Scheduling Order setting a deadline of April 20, 2023, to move to amend the pleadings and join parties.  (Docket # 19).  On May 11, 2023, Noel filed a motion seeking an extension of that deadline.  (Docket # 28).  Prior to the Court's ruling on his request, on June 7, 2023, Noel filed a motion seeking leave to amend his complaint.  (Docket # 31).

In his submissions, Noel maintains that in April 2023 the Court extended the amendment deadline to May 12, 2023.  (Docket ## 28 at 1; 39 at 8).  It appears that Noel has confused the deadlines in this case with the ones set in another case he has pending before the Court, *Noel v. Clouston*, 21-CV-6559CJS.  In that other case, on April 18, 2023, at plaintiff's request, the deadline for motions to amend was extended to May 12, 2023.  (*See*

4

21-CV-6559CJS, Docket # 28).  In this case, the April 20, 2023 deadline has never been

extended.

        Considering Noel's *pro se* status and his apparent conflation of the deadlines in

his two pending cases, the Court finds good cause to extend Noel's deadline to move to amend

his complaint *nunc pro tunc* to June 7, 2023, the day he filed his motion to amend his complaint.

Noel is reminded that each of his pending cases have separate scheduling orders setting deadlines

for the separate lawsuits and that he must abide by the specific deadlines set in each case.

Accordingly, Noel's request to extend the deadline for motions to amend his complaint **(Docket

# 28)** is **GRANTED** *nunc pro tunc* to June 7, 2023.  To the extent Noel seeks a further extension

of the deadline in order to file a "supplement" to the proposed amended complaint he filed on

June 7, 2023 (*see* **Docket # 35**), that request is **DENIED**.[2]  At this time, Noel has not established

good cause for a further extension of the deadline to file motions to amend.


## REPORT AND RECOMMENDATION

        I turn next to Noel's motion to file a Third Amended Complaint.  (Docket # 31).

For the reasons set forth below, I recommend that the district court deny the motion.


## I.    Procedural Background

        Noel claims that on November 9, 2020, he was unlawfully stopped and arrested

by GPD officers while driving his personal vehicle in the Town of Gates, New York, that the

---

[2]  Noel's submission also appears to seek sanctions against defendants' attorneys based upon a dispute concerning Brighton Police Department records that arose in the other pending action, *Noel v. Clouston*, 21-CV-6559CJS.  (Docket # 35).  This Court has already addressed the dispute concerning those records in the other pending action.  *Noel v. Clouston*, 21-CV-6559CJS at Docket # 43.  Accordingly, to the extent Noel seeks sanctions in this matter based upon that dispute, Noel's request is denied.

officers used excessive force against him in effecting the arrest, and that his vehicle was improperly towed and impounded. (Docket # 1). Noel alleges that the officers informed him that he was stopped for violating New York Vehicle and Traffic Law ("NYVTL") Section 402(4), which requires motor vehicles to have license plates on the front and back of the vehicle, and NYVTL Section 375(30), which prohibits the hanging of view-obstructing items inside motor vehicles. (Docket ## 5 at 10; 31 at 6). According to Noel, he was thereafter arrested and charged with operating a vehicle with a suspended or revoked license in violation of NYVTL Section 511(1)(a). (Docket # 5 at 14). The sufficiency of the allegations in Noel's complaint has been the subject of three prior decisions by the district court. (Docket ## 4, 6, 14). The Court assumes the parties' familiarity with those previous Decisions and Orders.

      Noel's original complaint asserted eighteen causes of action against eight defendants. (Docket # 1). Approximately one month after filing his original complaint, Noel filed the First Amended Complaint and sought leave to proceed *in forma pauperis*. (Docket ## 2, 3). The First Amended Complaint asserted claims for conspiracy and violation of constitutional rights (Claims 1 and 2), unlawful seizure of personal property (Claim 3), false arrest (Claim 4, 8, 12), false imprisonment (Claims 5, 9, 13), excessive force (Claims 6, 10, 14, 16), negligence (Claims 7, 11, 15, 17), and *Monell* claims against the City and supervisory officials (Claims 18 and 19). (Docket # 2). The claims were asserted against the GPD, its employees Coughlin, Ventrella, Gerringer, and Bowman, the Chief of the GPD James Vanbrederode, the Town of Gates Supervisor Cosmo Giunta, the Monroe County District Attorney Sandra Doorley, and Gates Towing-1210. (*Id.*).

      The district court screened the First Amended Complaint pursuant to 28 U.S.C. § 1915 and dismissed several claims and defendants. (Docket # 4). Specifically, the district

court dismissed with prejudice Noel's conspiracy, deprivation of rights, and negligence claims. (*Id.* at 5-6). The district court also dismissed with prejudice the *Monell* claims because Noel had "failed to plead the existence of an official municipal policy or custom of the Town of Gates that resulted in the deprivation of his constitutional rights." (*Id.* at 7). Accordingly, the district court dismissed the Town of Gates, Vanbrederode, Guinta, and Doorley as defendants to the action. (*Id.* at 7-9). The district court also determined that Noel failed to adequately allege claims for false arrest, false imprisonment, excessive force, and unlawful confiscation, but permitted him leave to replead those claims in an amended complaint. (*Id.* at 9-14).

On June 6, 2022, Noel filed a Second Amended Complaint asserting claims for unlawful stop, false arrest, false imprisonment, excessive force, failure to intervene, and unlawful deprivation of property against Coughlin, Ventrella, Gerringer, Bowman, and Gates Towing-1210. (Docket # 5). Once again, the district court screened the complaint pursuant to 28 U.S.C. § 1915. (Docket # 6). The majority of Noel's claims were premised upon his contention that the NYVTL did not apply to him because Noel was driving a "personal use vehicle," rather than a "motor vehicle," at the time of the traffic stop and his subsequent arrest for violation of the NYVTL. (*See generally* Docket # 5). According Noel, the provisions of the NYVTL do not apply to personal use vehicles. (*Id.*). The district court rejected his contention and dismissed with prejudice his claims for unconstitutional stop, false arrest, false imprisonment, and deprivation of property and dismissed Gates Towing-1210 as a defendant. (Docket # 6 at 4-7). The district court permitted Noel's claims of excessive force and failure to intervene against Coughlin, Ventrella, Gerringer, and Bowman to proceed to service. (*Id.* at 7-9).

7

Noel thereafter sought reconsideration of the district court's determination to dismiss his false arrest claim with prejudice. (Docket # 11). Noel argued that the decision overlooked relevant law establishing that "personal use vehicle[s]" were excluded from the relevant NYVTL provisions. (*Id.*). He also maintained that the decision overlooked the fact that the officers who arrested him for driving with a suspended license in violation of NYVTL § 511(1)(a) later admitted that they had made a "mistake" and that the accusatory instrument had thus been dismissed. (*Id.*).

The district court considered Noel's arguments but found them unavailing. (Docket # 14). With respect to Noel's arguments concerning the purported inapplicability of the NYVTL to the vehicle he was driving on November 9, 2020, the district court determined that Noel was merely attempting to relitigate an issue that had already been determined and that reconsideration therefore was not warranted. (*Id.* at 3). With respect to the new facts alleged by Noel – that the officers had checked his DMV records and had mistakenly concluded that his license was suspended or revoked – the district court acknowledged that such new allegations could provide a valid basis for reconsideration of its prior decision. (*Id.* at 5-6). Considering those new factual allegations along with those alleged in the complaint, the district court determined that the officers had probable cause to arrest Noel for violating the NYVTL. (*Id.*).

Specifically, in the First Amended Complaint, Noel alleged the following:

> I was sitting in my personal use vehicle after the unconstitutional
> stop and Defendant (1) asked an arbitrary question regarding a
> Motor Vehicle Driver's License. After I said that it was true that
> the motor vehicle department's records might be accurate, meaning
> that I gave up my Driver's license because I no longer needed it as
> I was no longer a commercial driver. He said I was under arrest
> for violating VAT §511(1)(a), which only pertains to a person who
> is operating a commercial motor vehicle . . . .

8

(*Id.* at 6 (citing Docket # 5 at 14)).  The district court reasoned that "Noel alleges that the arresting officers checked his record regarding his driver's license, then directly asked him whether he had a license, and he admitted to the police officers who had initiated the traffic stop that he 'gave up' his driver's license."  (Docket # 14 at 6).  Based upon these allegations, the district court found that "the totality of the circumstances alleged by Noel show that the defendant officers had probable cause [to] arrest him for a violation of § 511(1)(a)" (which prohibits a person from operating a motor vehicle on a public highway when the person knows or has reason to know that his or her license has been suspended, revoked or withdrawn by the commissioner).  (*Id.*).  The district court also determined that even if the officers had been unreasonable in believing that Noel had violated Section 511, presumably because it was not clear that Noel's license had been suspended or revoked, they nonetheless had probable cause to arrest Noel for violating NYVTL Section 509(1) (which prohibits a person from operating a motor vehicle on public highways without a valid license) based upon Noel's admission that he had voluntarily surrendered his license.  (*Id.* at 6 n.1).[3]  Accordingly, Noel's motion for reconsideration was denied in its entirety.  (*Id.* at 6).

## II.    __The Proposed Amendments__

Noel's current motion to amend seeks to reassert several causes of action that have already been dismissed with prejudice by the district court, including claims for an unconstitutional traffic stop and false arrest (Claim 1 (Docket # 31 at 5-10)), claims for failure to intervene in the traffic stop and the false arrest (Claims 4 and 5 (*id.* at 28-44)), and a *Monell*

---

[3] According to Noel's supporting Declaration, he was also cited for violating NYVTL Section 509(1). (*See* Docket # 31-2 at 16-17).

claim based upon unconstitutional customs or policies (Claim 6 (*id.* at 44-51)).  Noel also seeks

leave to add Gates Towing-1210, Sergeant Arnold Frost, and Chief James Vanbrederode as

defendants to the action.  (*Id.* at 1).  Finally, Noel seeks leave to amend the factual allegations

supporting his claims for excessive force and failure to intervene in excessive force based upon

body worn camera footage produced by defendants on March 30, 2023.  (Claims 2 and 3 (*id.* at

10-27); Docket # 39 at 7).

Defendants oppose the motion on the grounds that Noel should not be permitted

leave to replead claims that have already been dismissed by the district court.  (Docket # 33 at

8-11).  They also maintain that the proposed *Monell* claim is futile and that Noel has failed to

sufficiently allege the personal involvement of Frost or Vanbrederode.[4]  (*Id.* at 12-14).

## III.    Analysis

Rule 15(a) of the Federal Rules of Civil Procedure provides that once the time for

amending a pleading as of right has expired a party may request leave of the court to amend,

which shall be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a).  If the

underlying facts or circumstances relied upon by the party seeking leave to amend may be a

proper subject of relief, the party should be afforded the opportunity to test the claim on its

merits.  *See United States ex rel. Maritime Admin. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*,

889 F.2d 1248, 1254 (2d Cir. 1989).  "In the absence of any apparent or declared reason – such

as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

---

[4]  Defendants also contend that Noel's motion is untimely because it was not filed prior to the April 20, 2023 deadline to move to amend the pleadings and that Noel's motion should be evaluated under the good cause requirement of Rule 16(b) of the Federal Rules of Civil Procedure.  (*Id.* at 6-8).  Because the Court granted Noel's request to extend the deadline, the Court will evaluate Noel's proposed amended complaint under Rule 15(a)'s more liberal standard.

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).  While the court retains discretion to grant or deny leave to amend under Rule 15(a), "[the] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.* at 182; *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46 (2d Cir. 1983).

Despite the ordinarily lenient standard, if the amendment proposed by the moving party is futile, "it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d at 131.  "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).  Rule 8(a) of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The purpose of Rule 8 is to give the defendant fair notice of the claim plaintiff is asserting and the factual basis for the claim. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  To avoid dismissal, the proposed amended claim must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The *Twombly* "plausibility standard" applies to complaints brought by *pro se*, as well as represented, plaintiffs. *Sowell v. Chappius*, 695 F. Supp. 2d 16, 18 (W.D.N.Y. 2010). "[A]ll pleadings, *pro se* or otherwise, must contain enough factual allegations to 'give the

defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Id.* (omission

in original) (quoting *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008)).  That said, "[a]

document filed *pro se* is 'to be liberally construed' and 'a *pro se* complaint, however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,'"

*Erickson v. Pardus*, 551 U.S. at 94 (internal citation omitted), although they still must comply

with the pleading requirements of the Federal Rules of Civil Procedure, *White v. Drake*, 2011

WL 4478921, *6 (N.D.N.Y. 2011).  "A court must make reasonable allowances so that a *pro se*

plaintiff does not forfeit rights due to [his] lack of legal training."  *Forbes v. State Univ. of N.Y.

at Stony Brook*, 259 F. Supp. 2d 227, 232 (E.D.N.Y. 2003).  Thus, a court must construe *pro se*

pleadings liberally and "interpret them 'to raise the strongest arguments that they suggest.'"

*McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d

787, 790 (2d Cir. 1994)).

### A.    Unlawful Stop and False Arrest (Claim 1)

Interpreted liberally, the first claim of the proposed Third Amended Complaint

seeks to reallege Noel's claim that Coughlin, Ventrella, and Gerringer unlawfully stopped his

vehicle for violations of the NYVTL and falsely arrested him for those violations.  (Docket # 31

at 5-10 (Claim 1)).  Noel reasserts that the provisions of the NYVTL did not apply to the vehicle

he was driving because it did not constitute a "motor vehicle."  (*Id.*; *see also generally* Docket

# 31-2).  Defendants oppose Noel's motion to amend to assert this claim, maintaining that the

district court has already determined that the stop of the vehicle was lawful and that there was

probable cause for the arrest.  (Docket # 33 at 9-10).

Noel's assertions that the traffic stop and subsequent arrest were unlawful because

the NYVTL was inapplicable to his vehicle have been flatly rejected by the district court in two

previous decisions.[5]  (Docket ## 6 at 6; 14 at 6 & n.1).  The district court's dismissal of his

claims for unconstitutional stop, false arrest, and false imprisonment with prejudice forecloses

his attempt to reassert them in the amended complaint.  (*Id.*).

Even if the district court's dismissal of those claims with prejudice did not

foreclose Noel's motion to reassert them in an amended pleading– which it does, *see Sibley v.

Watches*, 2020 WL 3259294, *1 (W.D.N.Y. 2020) ("the [c]ourt dismissed several of [p]laintiff's

claims with prejudice[;] [t]his means that [p]laintiff cannot continue to submit requests to

reassert claims that have been dismissed and to rejoin defendants who have been dismissed with

prejudice") (internal quotations omitted); *Gupte v. Watertown Bd. of Ed.*, 2018 WL 4054880, *3

(D. Conn. 2018) ("[plaintiff] may not replead his claims . . . because the court has dismissed

those claims with prejudice in a prior [r]uling"); *Syfert v. City of Rome*, 2018 WL 3121611, *3

(N.D.N.Y.) ("to the extent the amended complaint repleads . . . claims . . . which were *sua sponte*

dismissed with prejudice, such claims are not properly before the [c]ourt and will not be

considered upon initial review"), *report and recommendation adopted by*, 2018 WL 2316681

(N.D.N.Y. 2018), *aff'd*, 768 F. App'x 66 (2d Cir. 2019) – the new allegations[6] he advances do

not alter the district court's finding that the traffic stop was lawful and that his arrest was

supported by probable cause.[7]  Noel appears to allege in his proposed Third Amended Complaint

---

[5]  Although unclear, the proposed amendments suggest that Noel maintains that the provisions of the
NYVTL did not apply to him because he was not a "driver," as that term is defined in NYVTL Section 113.
(Docket # 31 at 5-6).  To the contrary, NYVTL Section 113 defines driver, in relevant part, as "[e]very person who
operates or drives or is in actual physical control of a vehicle."  *See* N.Y. Veh. & Traf. Law § 113.

[6]  Upon the discovery of new evidence, Noel's proper course would have been to seek reconsideration of
the dismissal order, rather than leave to amend the complaint to assert the previously dismissed claim.

[7]  Noel's challenge to the lawfulness of the vehicle stop remains the same: that NYVTL Section 402(4)
requiring license plates does not apply to him because he was driving a "personal use" vehicle.  The district court

that the body worn camera footage of the officers who stopped his car show that they checked the status of his license and learned that it had not been suspended or revoked.[8] (Docket ## 31-1 at 9; 39 at 7; 42 at 7). Although such new facts could conceivably alter the district court's consideration of whether probable cause existed to arrest Noel for violating Section 511(1)(a), it does not alter the second independent basis for the court's determination that the officers had probable cause to arrest him – that he violated Section 509(1). That determination was based upon the district court's conclusion that regardless of whether his license had been suspended or revoked, Noel admitted that he had voluntarily surrendered his license and the officers thus had probable cause to arrest him for driving without a license.

On this record, I recommend that the district court deny plaintiff's motion to amend his complaint to reassert claims for unlawful stop, unlawful arrest, and unlawful imprisonment that were previously dismissed with prejudice.

**B.    Excessive Force (Claims 2 and 3)**

The second and third claims contained in the proposed Third Amended Complaint assert claims of excessive force against defendants Coughlin and Ventrella. (Docket # 31 at 10-27). The two claims are largely identical, although the second claim alleges a violation of the Fourth Amendment while the third claim alleges violations of the Eighth and Fourteenth Amendments. (*Id.*). Comparison of the Second Amended Complaint with the proposed Third Amended Complaint suggests that Noel seeks leave to plead additional facts discovered during his review of the body worn camera footage produced during discovery in order to bolster his

---

has repeatedly rejected that challenge, and nothing in Noel's motion or proposed amended complaint changes that analysis and determination.

[8] In support of his motion, Noel has attached photographic stills from the body worn camera footage but has not provided the actual recordings. (Docket # 31-2).

claim that excessive force was used against him.  (*Compare* Docket # 5 at 24-40 *with* Docket
# 31 at 10-27).  Specifically, Noel alleges that the body worn camera footage demonstrates that
Ventrella used excessive force when handcuffing him by using a "pretzel twist, C clamp and
bend" maneuver when placing Noel in handcuffs, which caused him pain and resulted in a tear in
his shoulder.  (Docket # 31 at 21-22).

As previously discussed, the district court has already determined that Noel's
Second Amended Complaint adequately alleged a Fourth Amendment excessive force claim
arising out of Ventrella's and Coughlin's handcuffing efforts (Docket # 6 at 7-8); the proposed
amendment, which merely provides additional detail regarding the handcuffing, is unnecessary
and is not a prerequisite to offering the additional evidence at trial.  *See Schmidt v. Stone*, 2018
WL 4522082, *12 (E.D.N.Y. 2018) ("[t]o allow amendment simply to amplify facts . . . that do
not affect the claims to be tried is unnecessary and needlessly would require the defendant to
expend time and resources drafting an answer").  Moreover, to the extent Noel seeks to assert
additional excessive force claims in violation of the Eighth and Fourteenth Amendments, I
recommend that leave to do so be denied because such claims are properly analyzed under the
Fourth Amendment.  *See Lin v. Cnty. of Monroe*, 66 F. Supp. 3d 341, 357 (W.D.N.Y. 2014) ("*all*
claims that law enforcement officers have used excessive force – deadly or not – in the course of
an arrest, investigatory stop, or other 'seizure' of a citizen should be analyzed under the Fourth
Amendment and its 'reasonableness' standard, rather than under a 'substantive due process'
approach") (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)).  Accordingly, I recommend
that the district court deny Noel's request to assert additional facts in support of his excessive
force claims and to assert that the officers violated his Eighth and Fourteenth Amendment rights
by using excessive force during the arrest.

15

C.    **Failure to Intervene in Traffic Stop and Arrest (Claims 4 and 5)**

Interpreted liberally, the fourth and fifth claims asserted in the proposed Third Amended Complaint allege that Ventrella, Gerringer, and Bowman failed to intervene in the unlawful stop of Noel's vehicle, Noel's unlawful arrest, and the excessive force used in handcuffing Noel. (*Id.* at 36-44). The district court permitted Noel to proceed on his claims asserting that the officers failed to intervene in the use of excessive force during the course of Noel's arrest. (Docket # 6 at 7-8). Accordingly, I interpret the proposed Third Amended Complaint to seek leave to assert claims for the officers' failure to intervene in the unconstitutional stop of Noel's vehicle and in his false arrest. In addition, Noel also seeks leave to add Frost as a defendant to these claims, alleging that he failed to intervene in the unlawful seizure and arrest of Noel. (*Id.* at 33, 34, 42, 43). Finally, Noel seeks leave to add Gates Towing-1210 as a defendant, alleging that the company failed to intervene in the unlawful seizure of Noel's vehicle. (*Id.* at 34).

These proposed claims are premised upon Noel's contention that neither he, nor his vehicle, were subject to the provisions of the NYVTL. (*Id.* at 36-44). As discussed above, the district court previously dismissed with prejudice Noel's claims for unlawful stop, false arrest, and unlawful seizure and rejected his theory that the provisions of the NYVTL were inapplicable to him. (Docket # 14 at 6). For these reasons, I recommend that the district court deny Noel leave to amend his complaint to assert these claims and to add Gates Towing-1210 and Frost as defendants to these claims.

D.    *Monell* **Liability (Claim 6)**

I interpret the final claim of the proposed Third Amended Complaint to seek leave to add Frost and Vanbrederode as defendants to the action and to assert *Monell* liability claims

against them.  (Docket # 31 at 44-51).  Noel alleges two separate municipal policies in support of his proposed *Monell* claim.  (*Id.*).  The first is Vanbrederode's alleged "arbitrary custom and practice" of unlawfully subjecting personal vehicles like Noel's to the requirements of the NYVTL.  (*Id.* at 46).  The second is Frost's policy, reflected in Gates Police Department General Order 335-20, requiring officers to use handcuffs during every arrest, irrespective of the circumstances.  (*Id.* at 49, 50).

        The district court's prior dismissal of Noel's *Monell* claims with prejudice (Docket # 4 at 7) forecloses his motion to amend to reassert them.  Further, as discussed throughout this decision, the district court has repeatedly rejected Noel's contention that the provisions of the NYVTL were not applicable to his vehicle; thus, a *Monell* claim premised on the same faulty contention cannot succeed.  With respect to the police department's handcuffing policy cited by Noel, although General Order 335-20[9] requires officers to use handcuffs or other restraining devices on all prisoners, it explicitly permits officers to exercise their judgment regarding handcuff usage if unusual circumstances are presented.  *See* General Order 335-20 (II)(D) ("[u]se of handcuffs or restraining devices is mandatory on all prisoners unless in the officer's judgment unusual circumstances exist which make the use of handcuffs or restraining devices impossible or unnecessary").  Noel has failed to allege how the policy is unconstitutional or that it caused his alleged injuries.  *See Shelton v. City of Taylor*, 92 F. App'x 178, 184 (6th Cir. 2004) ("it is clear that the City's policy affords the officers discretion in handcuffing

---

[9] *See* Gates Police Department General Order 335-20, effective September 14, 2020, *available at* https://www.google.com/url?sa=t&rct=j&q=&esrc=s&source=web&cd=&cad=rja&uact=8&ved=2ahUKEwjR_s2T oPGDAxW2D1kFHdcnBgYQFnoECBUQAQ&url=https%3A%2F%2Fwww.townofgates.org%2Fwp-content%2Fu ploads%2F2020%2F09%2FGPD-GenOrder.pdf&usg=AOvVaw3lGI4-PSDtfXQE1imZS8Nr&opi=89978449. This general order has since been rescinded and replaced.  The current version, Gates Police Department General Order 335-22, became effective November 15, 2022.  *See* https://www.townofgates.org/gpd-genorder/.  The specific handcuffing provision cited by Noel remains unchanged.

misdemeanor suspects behind the back"); *Minor v. City of Chesterfield*, 2007 WL 1610507, *8 (E.D. Mo. 2007) ("[t]he policy clearly states that an exception to the City's handcuffing policy may be made due to injuries[;] [t]he [c]ourt, therefore, concludes that [p]laintiff has not identified any official policy that arguably played a role in his alleged injuries"). On this record, I recommend that the district court deny Noel leave to amend his complaint to assert *Monell* claims and to add Frost and Vanbrederode as defendants.

For the foregoing reasons, I recommend that the district court deny Noel's motion for leave to amend **(Docket # 31)** in its entirety.

## CONCLUSION

For the foregoing reasons, Noel's motions to appoint counsel **(Docket ## 28, 35)** are **DENIED**, and his motions to extend the deadline to amend the complaint **(Docket ## 28, 35)** are **GRANTED** in so far as his deadline to seek leave to amend the complaint is extended *nunc pro tunc* to June 7, 2023. In addition, I recommend that the district court **DENY** Noel's motion to amend his complaint **(Docket # 31)**.

**IT IS SO ORDERED.**

                                                      *s/Marian W. Payson*
                                                    MARIAN W. PAYSON
                                                  United States Magistrate Judge

Dated:  Rochester, New York
        January 22, 2024

18

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

      **ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

      **ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(d) and Local Rule 72(b).

      The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

      **<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

      The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **<u>Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.</u>**

      Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

*s/Marian W. Payson*

MARIAN W. PAYSON

United States Magistrate Judge

Dated: Rochester, New York
      January 22, 2024