UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NEGRITO PAUL NOEL,

                               Plaintiff,          DECISION and ORDER

vs.

                                                          21-CV-6135-CJS-MWP

SERGEANT JAMES COUGHLIN, et al.,

                               Defendants.
_____

## INTRODUCTION

Now before the Court is a Report and Recommendation ("R&R"), ECF No. 51, by the Honorable Marian W. Payson, United States Magistrate Judge ("Judge Payson"), recommending that the undersigned deny the *pro se* Plaintiff's motion to file a third amended complaint, ECF No. 31. The R&R was filed and mailed to Plaintiff on January 22, 2024. On February 12, 2024, Plaintiff filed a Motion for Extension of Time to Object, ECF No. 54. For the reasons discussed below, Plaintiff's motion is denied and the Court adopts the R&R.

## BACKGROUND

The reader is presumed to be familiar with the relevant background facts set forth in the R&R. As Judge Payson notes in her R&R, Plaintiff's motion to amend "seeks to reassert several causes of action that have already been dismissed with prejudice by the Court," and to amend the factual allegations supporting Plaintiff's pending claims. Defendants oppose the application. Magistrate Judge Payson recommended that the motion be denied, and concluded her R&R by advising the parties that any objections

1

thereto, or any requests for extension of time, had to be filed within fourteen days. The Court did not receive any objection within fourteen days. However, on February 12, 2024, Plaintiff filed a motion for a 60-day extension of time to file objections, to allow him time to retain an attorney.

## DISCUSSION

Where an objection has been made to a magistrate judge's report and recommendation concerning a motion to amend a pleading, rendered pursuant to 28 U.S.C. § 636(b)(1)(B), any objection thereto must be filed within fourteen days:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

*Id*. (West 2023).

The subject R&R (ECF No. 51) reflects this principle and expressly indicates, in pertinent part, that untimely objections may not be considered by the District Court:

> **ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation[.] . . . **Failure to file objections within the specified time or to request an extension of such time waves the right to appeal the District Court's Order**. . . . **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection**.

R&R, ECF No. 51 at p. 19 (emphases in original, citations omitted).

2

The R&R indicates that objections are due within fourteen days after receipt, and there is a presumption that documents mailed by the Court are received three days thereafter. *See, e.g., Ocasio v. Fashion Inst. of Tech.*, 9 F. App'x 66, 68 (2d Cir. 2001) (Applying "the usual presumption that the letter was received three days after mailing.") (citation omitted). The subject R&R was mailed to Noel on January 22, 2024, and the presumption is that he received it on January 25, 2024.[1] Therefore, any objection by Noel was due within fourteen days thereafter, or February 8, 2024. No objection was filed by that date.

Instead, on February 12, 2024, the Court received a motion from Noel requesting a 60-day extension of time in which to retain an attorney and file any objection. However, the request is untimely since the R&R expressly states that any objection or request "must be *filed with the Clerk of this Court* within fourteen (14) days," not merely mailed. Mailing is not the same as filing, and while Plaintiff may be proceeding *pro se,* he is not incarcerated, and therefore the prison "mailbox rule" does not apply to him.

In sum, Plaintiff's request for an extension of time is itself untimely. The request also lacks merit, since Plaintiff commenced this action three years ago and already has had ample time to retain an attorney. Consequently, Plaintiff's application (ECF No. 54) is denied.

As for the R&R, Plaintiff's motion for an extension of time offers no hint at any objection that he might want to raise. But, in any event, the Court has reviewed the R&R

---

[1] Plaintiff has not rebutted this presumption.

3

and completely agrees with Magistrate Judge Payson's recommendation to deny Plaintiff's request to file a third amended complaint. Accordingly, the Court adopts the R&R, to which no timely objection has been filed, in its entirety.

CONCLUSION

For the reasons stated above Plaintiff's Motion for Extension of Time (ECF No. 54) is denied and the Report and Recommendation (ECF No. 51) is affirmed and adopted in all respects. Plaintiff's motion for leave to file a third amended pleading (ECF No. 31) is denied.

IT IS SO ORDERED.

Dated: February 14, 2024
Rochester, New York

ENTER:

*Charles J. Siragusa*
CHARLES J. SIRAGUSA
United States District Judge