UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NEGRITO PAUL NOEL,

                              Plaintiff,

      v.

SERGEANT JAMES COUGHLIN, et al.,

                              Defendants.
_____

**DECISION & ORDER**

21-CV-6135CJS

Plaintiff Negrito Paul Noel ("Noel") filed this action against Sergeant James Coughlin, Officer Nick Ventrella, Officer Brian Gerringer, and Investigator Bowman (collectively, "defendants"), all employees of the Greece Police Department ("GPD"), asserting claims arising out of a traffic stop and his subsequent arrest on November 9, 2020.[1]  (Docket ## 5, 6).  Currently pending before this Court is Noel's motion to stay this matter pending resolution of his appeal of his underlying convictions of vehicle and traffic violations or, alternatively, to extend his time to amend the complaint.  (Docket # 57).  For the reasons discussed below, Noel's requests to stay this matter or to extend his time to move to amend his complaint are denied.

---

[1] Noel's original complaint named additional defendants but those defendants were dismissed by the district court.  (Docket ## 1, 2, 4, 5, 6, 14).

I.   **Motion to Stay**

Noel requests that the Court enter an order staying all remaining deadlines[2] in this matter pending resolution of his appeal of his underlying convictions of vehicle and traffic violations. (Docket # 57). Interpreted liberally, Noel contends that a successful appeal of his underlying convictions will permit him to pursue his otherwise unviable claims for false arrest, false imprisonment, unlawful traffic stop, and unlawful seizure of his vehicle. (*Id.*). Although courts have discretion to stay potentially viable claims, such as claims for false arrest, pending the outcome of an appeal of an underlying criminal conviction, *see Kates v. Greece Police Dep't*, 2017 WL 11548969, *3 (W.D.N.Y. 2017) ("[w]hile [p]laintiff already has been convicted, courts in this [c]ircuit have routinely . . . recognized the need to protect false arrest claims from potential time bars where a criminal appeal is pending") (internal quotations omitted), the only pending claims in this case are for excessive force and failure to intervene to stop the alleged excessive force. As explained previously, Noel's claims for false arrest, false imprisonment, unconstitutional stop, and unlawful seizure of personal property have been dismissed with prejudice by the district court. (Docket ## 6 at 4-7; 51 at 7). Accordingly, Noel's request for a stay is denied.

II.   **Motion to Extend Deadline to Move to Amend the Pleadings**

In the alternative, Noel requests an extension of his deadline to seek leave to amend the complaint and join parties. (Docket # 57). By Decision and Order dated January 22, 2024, this Court extended Noel's time to amend his complaint *nunc pro tunc* to June 7, 2023, but

---

[2] In his submission, Noel identifies the deadline for dispositive motions as April 1, 2024. (Docket # 57). The deadline for dispositive motions is actually May 24, 2024. (Docket # 50).

denied his request for a further extension of that deadline, concluding that Noel had failed to establish good cause for any further extension. (Docket # 51 at 5). Noel renews his request for an extension of his time to file a motion for leave to amend. (Docket # 57).

Noel's submission suggests that he wishes to amend the complaint to add Sergeant Frost as a defendant to the action and to assert a claim against Frost for his alleged failure to intervene to prevent Noel's unlawful arrest. (*Id.* at 1). As noted above, Noel's claim for false arrest has been dismissed with prejudice, and the district judge has adopted this Court's prior recommendation to deny Noel's request to add Frost as a defendant to the action based upon his alleged failure to intervene in Noel's allegedly false arrest. (Docket ## 51 at 16; 55). On this record, Noel has failed to establish good cause to extend the deadline to amend his complaint.

## CONCLUSION

For the foregoing reasons, Noel's motion for a stay or, in the alternative, for an extension of the deadline to amend the pleadings (**Docket # 57**) is **DENIED**.

**IT IS SO ORDERED.**

                                                            *s/Marian W. Payson*
                                                    MARIAN W. PAYSON
                                             United States Magistrate Judge

Dated: Rochester, New York
       March 29, 2024